## Dills v. Commonwealth.

April 28, 1950.

Watt M. Prichard, Judge.

P. H. Vincent for appellant.

A. E. Funk, Attorney General, Zeb A. Stewart, Assistant Attorney General, and Thomas Burchett, Commonwealth Attorney, for appellee.

STANLEY, COMMISSIONER—Affirming.

Eugene Dills appeals a judgment of robbery and sentence of two years imprisonment. His only ground for a reversal is that the evidence is as consistent with innocence as with his guilt and, therefore, insufficient to sustain the conviction.

John Day received a check for $938.92 from a building and loan association as net proceeds of a mortgage loan, cashed the check, and proceeded to the "Wheel Cafe" in Ashland where he entered a poker game on the second floor. Two or three hours later the game was transferred to the basement where there was a single drop light over a table. Some of the participants de-

scribed the game as "rough" and "no limit." Dills had lost and dropped out of the game, though he remained at the table. Day testified: "Gene Dills went over and whispered something to Travis and he comes around and pulls up next to me trying to get between me and Craycraft and he told him there wasn't room there and to get around on the other side. Well, he wouldn't do that. He pulled his chair up and set there. So I made another bet and Dills was in line to set in and when they lost that, Travis raised up and knocked the light out and Lyons turned the table over and I stepped back from the table and Gene Dills hit me and knocked me toward Travis and then Travis hit me and then Jim Lyons grabbed me and they wrestled me on the floor until they took my pocketbook. Gene took my pocketbook." He gave further details of the assault, scuffle and taking of his pocketbook. He was very positive that Dills got his pocketbook with his money in it. He was finally knocked out. Ernest Craycraft testified Dills was between Day and himself at the table, and he and Ted Cordle testified that Travis knocked the light out and related some of the ensuing struggle, but because of the darkness and the fact that they got out of the room as quickly as possible, neither witness was able to say who had hit whom or who got the pocketbook. Bud Hall, who had left the game shortly before the trouble, saw Dills later in the day with some large bills of money. There is a little additional corroborative evidence.

The defendant described the knocking out of the light, overturning of the table and the general melee, but denied having struck or robbed Day. He proved Day had made several statements that he did not know who got his money.

The evidence varies as to the extent of drinking and degree of intoxication of the prosecuting witness and others.

The rule upon which the appellant relies applies where the proof consists wholly of circumstantial evidence. Here there was positive evidence of the guilt of the defendant. It was a clear case for the jury to decide.

The judgment is affirmed.