## Travis v. Commonwealth.

October 13, 1950.

Watt M. Prichard, Judge.

P. H. Vincent for appellant.

A. E. Funk, Attorney General, Zeb A. Stewart, Assistant Attorney General, for appellee.

CLAY, COMMISSIONER—Affirming.

Appellant was convicted of the crime of robbery and sentenced to two years in the penitentiary. He, along with Eugene Dills, was accused of robbing John Day after a scuffle which broke up a poker game. The facts in the case are set forth in Dills v. Commonwealth 312 Ky. 608, 229 S.W.2d 469. On this appeal the only question argued in brief is that appellant was entitled

to a directed verdict because of the insufficiency of evidence.

Appellant and Day were interested parties in a poker game. There is substantial evidence a fight was precipitated by appellant when he knocked out the light over the table with his fist. Thereafter the table was overturned. Day was beaten up, and his pocketbook was taken by Dills.

Day testified that shortly before the melee Dills whispered to appellant, and appellant seated himself next to Day. There was also evidence that appellant was standing over Day when Dills took the pocketbook.

While there is no evidence that appellant actually took Day's money, there was proof that this series of events took place: (1) appellant conversed with Dills; (2) appellant seated himself next to Day; (3) appellant knocked out the light; and (4) appellant was standing over Day when Dills took the latter's pocketbook. This evidence was amply sufficient to support a finding by the jury that appellant actively participated in the robbery.

The judgment is affirmed.